Matthias, J.
 

 The question of law presented in this case is as follows:
 

 Are the dependents of an employee, resident of Pennsylvania, fatally injured in Ohio in the course of his employment under a contract entered into in Pennsylvania with a Pennsylvania corporation for services to be performed indiscriminately in interstate and intrastate commerce, entitled to participate in the Ohio state insurance fund (workmen’s.compensation fund) although the injury was sustained while the employee was performing service exclusively interstate in character?
 

 As more concisely stated by the Industrial Commission, the specific question is whether the P. 0. N. Y. Express, Inc., is an employer within the workmen’s compensation law of Ohio and amenable to its provisions.
 

 In the determination of that question, the fact that the services being performed by the employee at the time of his injury were interstate in character is not controlling. Under the definitive language of Sections 1465-60 and 1465-61, General Code, an employee, injured in the course of his employment is protected and covered regardless of the nature of his employment— whether intrastate or interstate in character — if his employer is within the provisions of the workmen’s compensation law. Section 1465-60, General Code, provides as follows:
 

 ■ “The following shall constitute employers subject to the provisions of this act: * ■* *
 

 “2. Every person, firm and private corporation, including any public service corporation, that has in
 
 *83
 
 service; three or more workmen or- operatives regularly in the same business, or in or about the same establishment under any contract of hire, express or implied, oral or written. **■_*”
 

 The provisions of Section 1465-61, General Code, so far as pertinent, are as follows:
 

 ‘ ‘ The term ‘ employee, ’ ‘ workmen ’ and ‘ operative ’ as used in this act shall be construed to mean: * * *
 

 “2.
 
 Every person in the service of any person, firm or private corporation, including any public service corporation, employing three or more workmen or operatives regularly in the same business, or in or about the same establishment under any contract of hire, express or implied, oral or written, including aliens and minors, but not including any person whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer.”
 

 The case of
 
 Spohn
 
 v.
 
 Industrial Commission, supra,
 
 relied on by the lower courts, involved the claim of an injured employee whose employment was limited to interstate commerce and whose injury was received in the course of and arose out of service in interstate commerce. In that case the court held, as stated in the syllabus, as follows:
 

 “A resident of Ohio who enters into a contract of employment in the state of Michigan with a Michigan corporation to perform services in interstate commerce
 
 only,
 
 is not entitled to participate in the Ohio state insurance fund (workmen’s compensation fund) on account of an injury received in Ohio and arising out of such interstate employment.”
 

 It is well established that interstate transportation companies may be’ subjected only to limited restrictions and regulations by the state. Accordingly, Section 614-101, General Code, which is ¡part of the Motor Transportation Act of Ohio, provides •:
 

 
 *84
 
 “Neither Sections 614-84 to 614-102, inclusive, of the General Code, nor any provisions thereof, shall apply or be construed to apply to commerce with foreign nations or countries, or among the several states of this Union, except in so far as the same may be permitted under the provisions of the Constitution of the United States and the acts of Congress. ’ ’
 

 This court, in the case of
 
 Cannon Ball Transportation Co.
 
 v.
 
 Public Utilities Commission,
 
 113 Ohio St., 565, 149 N. E., 713, held in paragraphs one and two of the syllabus as follows:
 

 “1. Sections 614-86 to 614-102, inclusive, of the General Code of Ohio, are designed to regulate motor transportation, governing all motor vehicles operating over the highways of the state, but do not authorize the Public Utilities Commission to exclude motor transportation companies operating in interstate traffic from such highways.
 

 “2. Motor transportation companies operating in interstate traffic are subject to the provisions of said sections and the regulations therein provided may be applied to all'interstate operators, except insofar as such application would involve a direct burden upon interstate commerce. ’ ’
 

 To the same effect are the decisions of this court in
 
 Motor Transport & Truck Co.
 
 v.
 
 Public Utilities Commission,
 
 125 Ohio St., 374, 181 N. E., 665, and
 
 Bradley, d. b. a. Wolverine Motor Freight Lines,
 
 v.
 
 Public Utilities Commission,
 
 125 Ohio St., 381, 181 N. E., 668, affirmed by the Supreme Court of the United States in
 
 Bradley, d. b. a. Wolverine Motor Freight Lines, v. Public Utilities Commission,
 
 289 U. S., 92, 77 L. Ed., 1053, 53 S. Ct., 577, where it is likewise held that motor transportation companies operating in interstate traffic are subject to regulation authorized by the laws of the state “insofar as they do not constitute a direct and material burden upon interstate commerce.”
 

 
 *85
 
 Applying the same doctrine in the case of
 
 Valley Steamship Co.
 
 v.
 
 Wattawa,
 
 244 U. S., 202, 61 L. Ed., 1084, 37 S. Ct., 523, the Supreme Court stated on page 204 that “in the absence of congressional legislation the settled general rule is that without violating the commerce clause the states may legislate concerning relative rights and duties of employers and employees while within their borders although engaged in interstate commerce. ’ ’
 

 Supporting cases cited are
 
 Lake Shore & Michigan Southern Ry. Co.
 
 v.
 
 Ohio,
 
 173 U. S., 285, 297, 43 L. Ed., 702, 19 S. Ct., 465; and
 
 The Minnesota Rate Cases,
 
 230 U. S., 352, 408, 57 L. Ed., 1511, 33 S. Ct., 729.
 

 It was stated by the Supreme Court of the United States in the
 
 Minnesota Rate Cases, supra,
 
 at page 402, as follows:
 

 “But within these limitations there necessarily remains to the States, until Congress acts, a wide range for the permissible exercise of power appropriate to their territorial jurisdiction although interstate commerce may be affected. * * * hence, the absence of regulation by Congress in such matters has not imported that there should be no restriction but rather that the States should continue to supply the needed rules until Congress should decide to supersede them. Further, it is competent for a State to govern its internal commerce, to provide local .improvements, to create and regulate local facilities, to adopt protective measures of a reasonable character in the interest of the health, safety, morals and welfare of its people, although interstate commerce may incidentally or indirectly be involved.”
 

 This court followed and applied the principle thus announced in the above cases in the case of
 
 Hall
 
 v.
 
 Industrial Commission,
 
 131 Ohio St., 416, 3 N. E. (2d), 367, where it was statéd in the opinion by Williams, J., as follows:
 

 
 *86
 
 “The consensus of authority seems to be that a state may provide compensation to one engaged in interstate commerce so long as the Congress of the United States, acting under its constitutional power to regulate commerce among the states, has not preempted the field.”
 

 Additional supporting authorities are there cited.
 

 While in the
 
 Spohn case, supra,
 
 only interstate transportation service was involved, here the employer is engaged in intrastate as well as interstate motor transportation, and its employees, including the claimant’s decedent, operated the motor trucks of the employer indiscriminately in interstate and intrastate business as directed by the employer. Although the company does some interstate transportation business, it is a fact worthy of note that three of its four terminals are located within the state of Ohio. This employer, having secured permits to operate as an intrastate carrier in accordance with the provisions of the motor transportation law of this state in' competition with other intrastate carriers, thereby submitted itself tó the jurisdiction of Ohio authority and is subject to the same restrictions and regulations as other such motor transportation companies.
 

 It is claimed that under Section 1465-98, General Code, this employer is specifically excluded from the burdens of the requirements of the workmen’s compensation law. That section provides as follows:
 

 ‘ ‘ The provisions of this act shall apply to employers and the employees engaged in intrastate and also in interstate and foreign commerce, for whom a rule of liability or method of compensation has been or may be established by the Congress of the United States, only to the extent that their mutual connection' with intrastate work may and shall be clearly separable and distinguishable from interstate or foreign commerce, and then only when such employer and any of his workmen
 
 *87
 
 working only in this state, with the approval of the State Liability Board of Awards, and so far as not forbidden by any act of Congress, voluntarily accept the provisions of this act by filing written acceptances, which, when filed with and approved by the board, shall subject the acceptors irrevocably to the provisions of this act to all intents and purposes as if they had been originally included in its terms, during the period or periods for which the premiums herein provided have been paid. Payment of premium shall be on the basis of the payroll of the workmen who accept as aforesaid.”
 

 It is contended, however, that the phrase, “may be established by the Congress of the United States,” as used therein refers to the possibility of future enactment and therefore that since Congress admittedly has the power and
 
 may
 
 at a future date regulate such motor carriers, all interstate carriers are now excluded therefrom, even, though also engaged in intrastate transportation business and using operators interchangeably and indiscriminately in their interstate and intrastate transportation service.
 

 We are not in accord with that contention. On the contrary, we are quite in accord with the construction of the language of this provision announced in the case of
 
 Jensens. Southern Pacific Co.,
 
 215 N. Y., 514, 109 N. E., 600, L. R. A. 1916A., 403. Prom that opinion we quote the following:
 

 “* * * Its obvious purpose was to guard against a construction violative of the Constitution of the United States, and so it provided that the act should apply to interstate or foreign commerce, ‘for whom a rule, of liability or method of compensation has been or may be established by the Congress of the United States’, only to the extent that intrastate work affected may or shall be clearly separable or distinguishable therefrom. In other words, the Legislature said that
 
 *88
 
 it did not intend to enter any field from which it had been or should be excluded by the action of the Congress of the United States. But it is said that Congress may at any time regulate employments in interstate or foreign commerce, and that the case is one in which a rule ‘may be established,’ etc. Again, the spirit, not the letter, must control. If it had been intended to confine the application of the act to intrastate work, the Legislature would doubtless have said so in a sentence. The words ‘may be’ should be construed in the sense of ‘shall be.’ ”
 

 To the same effect see
 
 Buckingham Transportation Co.
 
 v.
 
 Industrial Commission,
 
 93 Utah, 342, 72 P. (2d), 1077.
 

 It is well established that within the limits of the commerce clause of the federal Constitution interstate carriers may be subject to the'workmen’s compensation laws of the state unless and until Congress has legislated on the subject. No such federal statute has been enacted, and hence that field has not been thus preempted. The record discloses that the P. O. N: Y. Express, Inc., has in fact fully complied with the Ohio Workmen’s Cornpensation Act and has been recognized as an employer within the law. It has paid premiums based upon the wages of its employees, including the decedent, and in every way made itself amenable to the workmen’s compensation law of this state. It is our opinion, however, that regardless of such fact the P. 0. N. Y. Express, Inc., is an employer within the Workmen’s Compensation Act, although some portion of its business is interstate in character, and therefore the claimants are entitled .to the benefits of the provisions thereof.
 

 Accordingly, the judgment of the Court of Appeals affirming the judgment of the Court of Common Pleas, wherein the right of the claimant to participate in the
 
 *89
 
 workmen’s compensation fund was denied, is reversed. Final judgment is awarded the claimant.
 

 Judgment reversed.
 

 Weygándt, C. J., Hart, Zimmerman, Bell and. Turner, JJ., concur.
 

 Williams, J., not participating.