DOTSON, Appellee,

v.

COM TRANS, INC. et al., Appellants.

[Cite as *Dotson v. Com Trans, Inc.* (1991), 76 Ohio App.3d 98.]

Court of Appeals of Ohio,
Lucas County.

No. L–90–339.

Decided Oct. 25, 1991.

*David W. Zoll* and *William R. Menacher,* for appellee.

*Sonya M. Jones,* for appellant Com Trans, Inc.

*Margaret Dodane Everett,* for appellant Administrator, Bureau of Workers' Compensation.

*Per Curiam.*

This case is on appeal from the October 30, 1990 judgment of the Lucas County Court of Common Pleas, which granted summary judgment to appellee, Kevin Dotson, and denied summary judgment to appellants, Com Trans, Inc., and the Administrator of the Ohio Bureau of Workers' Compensation. On appeal, the Administrator and the Industrial Commission of Ohio assert the following assignments of error:

"I. The trial court erred in granting summary judgment because appellant Com Trans, Inc. is not an 'employer' subject to the Ohio Workers' Compensation Act.

"II. The trial court erred in granting summary judgment for appellee Dotson because appellee elected to have his employment contract construed pursuant to Indiana law.

"III. The trial court erred in determining that appellee, Kevin Dotson, had sufficient contacts with the state of Ohio to assert an Ohio workers' compensation claim."

Dotson was employed by Com Trans, Inc., on April 9, 1987, in Indianapolis, Indiana, as a truck driver. The parties entered into an employment contract on April 10, 1987. The contract provided that "[t]he terms and conditions of this Contract shall be interpreted and enforced pursuant to the substantive law of the State of Indiana, notwithstanding where the Contract is executed, performed or breached."

Com Trans, Inc., is an Indiana corporation with some terminals located in Ohio. Dotson lives in Toledo, Ohio; however, his paycheck was issued in Indiana. Ohio taxes were deducted from Dotson's gross salary.

Dotson would call the Indiana terminal each weekday for his driving orders. Shortly after Dotson started to work for Com Trans, Inc., he was required to go from his home in Toledo, Ohio, to the Jeep plant in Toledo, Ohio, where he

picked up an empty trailer. Dotson would then drive to a Wisconsin Jeep plant, leave the trailer, and bring a loaded trailer back to the Toledo Jeep plant. Dotson was injured in an accident in Illinois while driving for Com Trans, Inc. Dotson filed workers' compensation claims in Indiana and Ohio.

Dotson's Ohio claim was denied by the district hearing officer and the Toledo Regional Board of Review on the sole ground that he did not have "sufficient exposure in the State of Ohio" to invoke the agency's jurisdiction to hear the claim. The Industrial Commission of Ohio refused to review the claim. Dotson appealed to the Lucas County Court of Common Pleas pursuant to R.C. 4123.519.

The Administrator filed a motion for summary judgment, arguing that (1) the Lucas County Court of Common Pleas had no jurisdiction to review the agency's actions, (2) Dotson had insufficient contacts with the state of Ohio to permit recovery under the Ohio workers' compensation system, and (3) Dotson consented to be bound by the Indiana workers' compensation system. Dotson also filed a motion for summary judgment arguing that (1) the Lucas County Court of Common Pleas had jurisdiction to review the agency's actions, (2) the conflict-of-laws provision in his employment contract did not cover workers' compensation issues, (3) he had sufficient contacts with the state of Ohio to permit recovery under the Ohio workers' compensation system, and (4) the case should be remanded to the Industrial Commission for a hearing on the merits of his claim.

The Administrator responded to Dotson's motion for summary judgment and amended its motion for summary judgment by also arguing that Com Trans, Inc., is not an "employer" subject to Ohio Workers' Compensation Act and, therefore, is not required to provide coverage to its employees under the Act.

The Lucas County Court of Common Pleas held that it had jurisdiction to review the agency's decision. It found that the employment contract's conflict-of-laws provision did not govern workers' compensation claims because it did not satisfy the requirements of R.C. 4123.54. The court also found that reasonable minds could only conclude that Dotson had sufficient contact with the state of Ohio to invoke the jurisdiction of the Ohio Workers' Compensation Act regarding this claim. Therefore, the court concluded that Dotson was entitled to judgment as a matter of law and granted summary judgment to Dotson. The trial court did not address the issue of whether Com Trans, Inc., is an amenable employer under Ohio's Workers' Compensation Act.

On appeal, Com Trans, Inc., argues that the court erred when it found that reasonable minds could only conclude that Dotson had sufficient contacts with the state of Ohio and that the court "abused its discretion" when it denied the

motion of Com Trans, Inc., for summary judgment. The Administrator and Industrial Commission also argue that the Workers' Compensation Act is not applicable in this case because (1) Com Trans, Inc. is not an employer subject to the Act, and (2) the employment contract requires Indiana law to be applied.

Civ.R. 56(C) sets forth the prerequisites for granting summary judgment. The trial court does not exercise discretion in determining whether these prerequisites have been met. Both the trial court and a reviewing court must determine whether:

"the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

The relevant definition of "employee" for purposes of this case is set forth at R.C. 4123.01(A)(1)(b): "[e]very person in the service of any * * * private corporation * * * that (i) employs one or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire * * *."

The relevant definition of "employer" for purposes of this case is set forth at R.C. 4123.01(B)(2): "[e]very * * * corporation * * * that (a) has in service one or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire * * *." This section does not limit "employer" to mean only those who have employees working exclusively in Ohio. *Bridges v. Natl. Eng. & Contr.* (1990), 49 Ohio St.3d 108, 113, 551 N.E.2d 163, 168. All employers meeting the above definition are subject to R.C. Chapter 4123.

To determine whether the employee may receive compensation benefits under Ohio's Workers' Compensation Act, and, correspondingly, whether the employer must participate, we must look to R.C. 4123.54.

Under R.C. 4123.54, an employee will not be entitled to receive compensation if (1) he has contracted with his employer to be bound by the workers' compensation laws of another state, (2) he is (a) resident of another state and (b) is insured under the workers' compensation law of another state, or (3) he is incarcerated.

In the case before us, the Administrator and Industrial Commission contend only that the first exception to an employee's right to compensation applies because the employer and employee agreed in the employment contract to be bound by the workers' compensation law of Indiana.

R.C. 4123.54 provides as follows regarding a conflict-of-laws agreement:

"Whenever * * * there is possibility of conflict with respect to the application of workers' compensation laws because the contract of employment is entered into and all or some portion of the work is or is to be performed in a state or states other than Ohio, the employer and the employee may agree to be bound by the laws of this state or by the laws of some other state in which all or some portion of the work of the employee is to be performed. The agreement shall be in writing and shall be filed with the bureau of workers' compensation within ten days after it is executed and shall remain in force until terminated or modified by agreement of the parties similarly filed."

In this case, even if we interpreted the contract's choice-of-law provision broadly enough to cover workers' compensation issues, the agreement fails to satisfy one of the requirements for a valid conflict-of-laws agreement. The agreement was not filed with Bureau of Workers' Compensation within ten days after its execution.

Therefore, we conclude that there is no applicable statutory exception to the employee's right to compensation for his injury. However, we must also determine whether this employment relationship has sufficient contacts with the state of Ohio to permit application of the Ohio Workers' Compensation Act to the work-related injury, which occurred outside of Ohio.

What constitutes "sufficient contacts" will vary from case to case. In *Indus. Comm. v. Gardinio* (1929), 119 Ohio St. 539, 164 N.E. 758, the court, interpreting predecessor statutes to R.C. Chapter 4123, held that an employee was not entitled to receive Ohio workers' compensation benefits when the employee worked entirely outside of Ohio. The facts that the employment contract was signed in Ohio, that the employer was an Ohio corporation with its principal place of business in Ohio, and that the employee was an Ohio resident were not enough to invoke the jurisdiction of the Ohio Workers' Compensation Act.

This case was distinguished in *Prendergast v. Indus. Comm.* (1940), 136 Ohio St. 535, 17 O.O. 190, 27 N.E.2d 235. In the *Prendergast* case, the court held that an employee was entitled to Ohio workers' compensation benefits. The employee was hired in Ohio but eventually transferred to Missouri. The employee was required to visit the employer's Ohio office, sent reports to the

Ohio office, and was paid from the Ohio office. The employee was killed in Indiana in the course of his employment. The employee's dependents could not obtain Missouri workers' compensation benefits. The court reasoned that it is an Ohio "employment relationship" and an employment-related injury which entitle an employee to Ohio workers' compensation benefits. The court considered the following factors to determine whether there were sufficient contacts with Ohio: (1) where the employment contract was executed, (2) where the employee's name is included on the payroll reports, (3) where the injury occurred, (4) the employee's residence, (5) where the employee works, (6) whether the employee can receive workers' compensation benefits elsewhere, (7) the relationship between the employee's work and the employer's place of business, and (8) which state has primary interest in the employee.

In the *Prendergast* case, the court reasoned that since the employee's residence was selected by the employer for its benefit, the employee's paychecks were issued from Ohio, the employee was required to work a district-wide area, reports were made to the Ohio office of the employer, the employee was not covered by any other state's workers' compensation act, and the costs and profits of the employer flowed to Ohio to benefit the employer and the state, the employee was entitled to receive Ohio workers' compensation benefits.

In *Spohn v. Indus. Comm.* (1941), 138 Ohio St. 42, 19 O.O. 511, 32 N.E.2d 554, the court held that an employee could not recover Ohio workers' compensation benefits when the employee was exclusively involved in interstate commerce despite the fact that the employee was a resident of Ohio. In that case, the employee was employed by a Michigan corporation with its principal place of business in Michigan and other terminals in Ohio and Pennsylvania. In addition, the employment contract was signed in Michigan. The employee was hired as a relief driver. The court held that when the employee works entirely in interstate commerce, the place of contracting should govern. The court found that this holding did not conflict with the *Gardinio* case because interstate commerce was not involved in that case.

The *Spohn* case was limited by *Holly v. Indus. Comm.* (1943), 142 Ohio St. 79, 26 O.O. 261, 50 N.E.2d 152. In the *Holly* case, the employee, a resident of Pennsylvania, was injured in Ohio while employed under a Pennsylvania contract with a Pennsylvania corporation. The employee was hired to perform work in interstate and intrastate commerce. Although the service the employee was performing while injured was exclusively interstate in character, the court held that the worker could recover Ohio workers' compensation benefits because of the intrastate commerce aspect of the employee's work.

In *State ex rel. Stanadyne, Inc. v. Indus. Comm.* (1984), 12 Ohio St.3d 199, 12 OBR 264, 466 N.E.2d 171, the court held that the employee had insufficient contacts with the state of Ohio to entitle the employee to Ohio workers' compensation benefits. The employer was a Connecticut corporation, doing business in several states. It had a plant in Ohio. The employer's business involved transporting goods between plants and customers. The employer hired the employee, an Ohio resident, through another company, and totally directed the employee's work. The employee's employment contract was signed in Indiana. The employee was injured in Indiana. The employee never entered Ohio and was never scheduled to do so. Following *Gardinio,* the court held that the Workers' Compensation Act could not be applied because the employment relationship was not localized in Ohio since the contract, job duties, and injury all occurred in Indiana. The employee's residence was held to be irrelevant.

In *Bridges v. Natl. Eng. & Contr. Co., supra,* the court held that there were sufficient contacts with the state of Ohio to entitle certain employees to Ohio workers' compensation benefits. In that case, the contracts of employment were entered into in Kentucky with an agency of the Kentucky state government. Both employees were residents of Ohio and worked partially in Ohio on a bridge built over the Ohio River between Ohio and Kentucky. The employees were injured in Ohio. The employees' salary checks were issued in Kentucky and indicated deductions for Kentucky taxes. The Kentucky agency was required by a collective bargaining agreement covering all employees to pay premiums for Ohio and Kentucky workers' compensation insurance to protect the employees. Following *Prendergast,* the court held that the employer's business and the employment relationship were in Ohio. In addition, the court found that the employer was bound by the collective bargaining agreement to provide coverage under Ohio's Workers' Compensation Act.

These cases indicate that the following factors should be considered by the court in determining whether sufficient contacts exist: (1) where the injury occurred, (2) where the employment contract was entered into, (3) where the employer's principal place of business is located or where the employee's supervisor is located, (4) the work to be performed in Ohio and its relation to the employment as a whole, (5) whether the work is to be performed solely in another state or exclusively in interstate commerce. See Nackley, Ohio Workers' Compensation Claims (1991) 59–60, Section 5:2, and the cases cited therein.

In the case before us, the contacts the employee has with the state of Ohio are (1) that he pays Ohio taxes and (2) that a significant part of his work is

performed in Ohio each day. We find that these contacts are sufficient to invoke the Ohio Workers' Compensation Act. Therefore, we find that the trial did properly render summary judgment in favor of Dotson. Appellants' assignments of error are found not well taken.

Having found that the trial court did not commit prejudicial error in this case, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Pursuant to App.R. 24, appellants are hereby ordered to pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., GLASSER and MELVIN L. RESNICK, JJ., concur.