McBRIDE, Plaintiff–Appellant,

v.

COBLE EXPRESS, INC., Appellee; Trimble, Admr., et al.

[Cite as *McBride v. Coble Express, Inc.* (1993), 92 Ohio App.3d 505.]

Court of Appeals of Ohio,
Van Wert County.

No. 15–93–7.

Decided Dec. 13, 1993.

506

*Larrimer & Larrimer* and *James C. Ayers;* and *Donald Johnson,* for appellant.

*Squire, Sanders & Dempsey* and *Richard Goldberg,* for appellee, Coble Express, Inc.

*Lee Fisher,* Attorney General, and *Diane Meftah,* Workers' Compensation Section, for appellee, Wesley Trimble, Administrator, Bureau of Workers' Compensation, and Industrial Commission of Ohio.

---

EVANS, Presiding Judge.

This is an appeal by the plaintiff, Phillip T. McBride, from a judgment of the Court of Common Pleas of Van Wert County granting the motion of the defendant-appellee, Coble Express, Inc. ("Coble"), for summary judgment and dismissing the plaintiff's complaint.

On February 18, 1986, McBride, an Ohio resident, was injured in Ohio while in the course of his employment as a truck driver for Coble, an Indiana-based corporation. McBride applied for and received workers' compensation benefits from the Industrial Commission of Ohio for a "crush" injury and fracture to his left leg. The claim was allowed on July 23, 1986. Although Coble was given the opportunity to object to the decision of the hearing board, no objection to the award was filed, and benefits were paid to McBride.

On March 19, 1987, a hearing was held on McBride's motion for temporary total disability benefits. On September 3, 1987, benefits were allowed by the hearing officer, and the claim was "additionally allowed" for amputation of McBride's injured left leg.[1] Coble appealed the September 1987 decision to the regional board of review, which affirmed the allowance of McBride's claim for additional benefits.

Coble further appealed to the Industrial Commission. On March 9, 1992, the commission affirmed the allowance of McBride's claim, in toto, issuing the following order:

" * * * that the commission find from proof of record that this claim has been recognized for: crush injury and fracture left leg, amputation left leg, acute

---

1. The record is incomplete as to filings in the administrative process, and thus we are unable to ascertain the circumstances surrounding appellant's request for benefits for the amputation, or even if there *was* a written application for those "additionally allowed" benefits.

somatic dysfunction of thoracic and lumbosacral spine secondary to misfitting prosthesis, post-traumatic stress disorder.[2]

"The matter came before the members of the Industrial Commission on the issues of employer's appeal filed April 11, 1988 and employer's oral motion that the Commission reconsider the prior determinations that Ohio is the proper State for jurisdiction over this injury. It is the finding and order of the Industrial Commission that the facts of this claim demonstrate that the claim has properly been allowed as an Ohio claim. * * * "

The commission further found it "noteworthy that the claim was allowed by unappealed [sic] [Bureau of Workers' Compensation] tentative order based upon the employer's full certification July 23, 1986. The employer did not raise concerns about the propriety of the exercise of jurisdiction by Ohio until it became evident that substantial compensation would be paid out of this claim as a result of the severity of claimant's injury. * * * Employer through counsel states they [sic] do not object to the award of compensation for loss of leg."

Coble timely filed its notice of appeal from the commission's decision in the Court of Common Pleas of Van Wert County, pursuant to R.C. 4123.519. McBride filed the requisite complaint asserting his right to participate in the State Insurance Fund, as set forth in the statute. Coble filed its answer, alleging that (1) Coble, as an Indiana employer, was not amenable to the workers' compensation law of Ohio, and (2) McBride's participation in an insurance fund in Indiana precluded his receipt of benefits under the laws of Ohio, and that, therefore, the common pleas court lacked jurisdiction over the subject matter of the case.

Both parties filed motions for summary judgment. Phillip McBride contended that all jurisdictional issues were *res judicata*. He further asserted that summary judgment should not be granted in favor of Coble, because the issue of appellant's right to continuing benefits raised questions of material fact to be decided by a jury. As the basis for its motion, Coble maintained that "the Ohio Industrial Commission did not have subject matter jurisdiction over Plaintiff's claim."

The trial court granted Coble's motion, and overruled McBride's motion. McBride has appealed the court's judgment, asserting that the court erroneously granted judgment to Coble and further erred in dismissing the complaint. Since we find Coble's jurisdictional arguments to be without merit, and further find that there may exist genuine issues of material fact as to claimant McBride's

2. It is not clear from the record at what point in the adjudication process these "related" claims were raised and first resolved.

right to "continue to participate" in the State Insurance Fund, we reverse the trial court's decision.

The trial court in this case determined that since the facts "material to the determination of the issues herein" are "uncontroverted," summary judgment should be granted "based upon the evidence presented by the parties." Although we agree that the facts recited by the trial court were uncontroverted, we find those particular undisputed facts irrelevant and immaterial to a determination of the issues in this case.

■■■ We agree with the trial court and Coble that lack of subject matter jurisdiction may be raised by objection at any time in the proceedings because subject matter jurisdiction may not be waived, see, *e.g.*, *Jenkins v. Keller* (1966), 6 Ohio St.2d 122, 126, 35 O.O.2d 147, 149, 216 N.E.2d 379, 382. However, we find that a lack of subject matter jurisdiction is not the actual basis for the trial court's decision below. Rather, the trial court supports its decision with only a *personal* jurisdiction analysis.

■■ Personal jurisdiction is the authority of a particular forum to enter a judgment constitutionally binding on the defendant in the case. Friedenthal, Kane & Miller (1985) 10–11, Civil Procedure, Section 2.2. The traditional bases, and still the underlying foundations for assertions of personal jurisdiction, are "the presence of the person or thing involved in the litigation within the forum's territorial boundaries or the consent [express or implied] of the party," although "strict" physical presence is no longer necessary. The Supreme Court has continued to develop the concept, presently requiring a court to find that a defendant has certain voluntary contacts with a forum, such that assertion of personal jurisdiction is defensible on the constitutional notions of notice, fairness, and due process. See Friedenthal at 102–103, Section 3.4. In this case, Coble, the employer, knowingly entered into a contract of employment with an Ohio resident, for work to be performed primarily in Ohio, and the employee was injured in Ohio. Based on these facts, it would be difficult to find it unfair for Coble to submit to Ohio's jurisdictional authority.[3] *Dotson v. Com Trans, Inc.* (1991), 76 Ohio App.3d 98, 104, 601 N.E.2d 126, 130, citing *Bridges v. Natl. Eng. & Contracting Co.* (1990), 49 Ohio St.3d 108, 551 N.E.2d 163. Cf. *State ex rel.*

---

**3.** See, *e.g.*, *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (purposeful establishment of minimum contacts with a forum state subjects defendant to personal jurisdiction), citing, *e.g.*, *Internatl. Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. See, also, *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* (1990), 53 Ohio St.3d 73, 559 N.E.2d 477 (negotiating and executing a lease with an Ohio partnership for lease of a Kentucky property was sufficient minimum contact for Ohio court to asset jurisdiction over Georgia corporation); *Reliance Elec. Co. v. Luecke* (S.D.Ohio 1988), 695 F.Supp. 917 (nonresident defendant subjected self to long-arm jurisdiction in Ohio by its intentional act of entering into a contractual relationship with a resident of Ohio).

*Stanadyne, Inc. v. Indus. Comm.* (1984), 12 Ohio St.3d 199, 12 OBR 264, 466 N.E.2d 171 (holding employee's residence irrelevant because all other material circumstances were related only to Indiana).

Moreover, a defendant may always concede personal jurisdiction; indeed, any objection to assumption of personal jurisdiction is waived by a party's failure to assert a challenge at its first appearance in the case, and such defendant is considered to have consented to the court's jurisdiction. Once an action has been determined on its merits, after the considerations of notice and due process have been satisfied without challenge, a defendant waives its right to contest personal jurisdiction and has impliedly consented to the forum's assumption of jurisdiction. See *Scott v. E. Cleveland* (1984), 16 Ohio App.3d 429, 431, 16 OBR 500, 502, 476 N.E.2d 710, 713 (*res judicata* applicable to issues which have been reviewed before an administrative body, wherein no appeal has been taken).

On the other hand, whether a court has subject matter jurisdiction is a determination as to "whether the court chosen has the power or competence to decide the kind of controversy that is involved. * * * Questions of subject matter jurisdiction typically are determined by reference to state or federal constitutional provisions or statutes that authorize particular courts to entertain certain categories of controversies." Friedenthal, *supra*, at 9–10.

In workers' compensation cases, subject matter jurisdiction has been granted to the Industrial Commission and to the common pleas courts by the legislature. See R.C. 4123.54; R.C. 4123.84; R.C. 4123.519. The commission thus has a statutory grant of power to determine the right of an injured worker to participate in the fund for injuries sustained in the course of employment, with few specified exceptions, none of which applies to this case.[4] See *Dotson, supra*, 76 Ohio App.3d at 102, 601 N.E.2d at 129 (wherein the court was required to determine both subject matter *and* personal jurisdiction). The statute specifically authorizes the commission to hear cases involving injury in this state to a resident of this state who is injured in the course of his employment, regardless of whether he recovers benefits under the law of another state. R.C. 4123.54(B). In fact, the code provides for such situation by affording a foreign employer the opportunity to "opt out" of the Ohio Workers' Compensation Fund by contract with the employee and notice to the Industrial Commission. R.C. 4123.54.[5]

---

4. R.C. 4123.54 prohibits recovery of workers' compensation benefits if: (1) injury is self-inflicted or suffered as a result of intoxication, (2) the employee has contracted with his employer to be bound by the workers' compensation laws of another state, (3) the employee is both a resident of another state and insured under the workers' compensation laws of another state, or (4) the employee is incarcerated. None of these exceptions is applicable in this case.

5. Coble failed to take advantage of that provision in this case.

Further, the courts of common pleas have subject matter jurisdiction as bestowed upon them under the provisions of the Workers' Compensation Act. An appeal is permitted in the court of common pleas "in the county where the injury or death occurred, or to the county in which the contract of employment was made, if the injury or death occurred outside [Ohio]." *Jenkins*, 6 Ohio St.2d at 127, 35 O.O.2d at 149, 216 N.E.2d at 382. R.C. 4123.519 thus provides for subject matter jurisdiction in the common pleas courts for the purpose of appeal by either a claimant or an employer, only on the issue of the claimant's right to participation or continued participation, due to an additional injury, in the workers' compensation system.[6]

R.C. 4123.52 and 4123.84 specifically grant the Industrial Commission continuing subject matter jurisdiction over the original claim for "loss or impairment of bodily functions" which are "due to and a result of or a residual of the injury to one of the parts of the body" for which compensation was granted pursuant to the claimant's original petition. R.C. 4123.84(B)(3). In this case, Coble has availed itself of Ohio's jurisdiction by failing to object to the authority of the Industrial Commission to award benefits to McBride for his injuries, thus consenting to "personal jurisdiction."[7] Now, when the commission asserts its statutorily authorized "continuing jurisdiction" to allow disability benefits due to exacerbation of McBride's original injuries, objection to personal jurisdiction is not an avenue available to Coble. Coble's attempt to create a position for itself by improperly designating the jurisdiction argument as one against "subject matter jurisdiction," while supporting its position only with an analysis of personal jurisdiction authority,[8] is not tenable.

We find that the Industrial Commission's additional award of benefits specifically for "acute somatic dysfunction of thoracic and lumbosacral spine secondary to misfitting prosthesis, post-traumatic stress disorder" is a "new" determination

---

**6.** The Supreme Court has determined that the code provisions must be read restrictively to mean that "[t]he *only* decisions of the commission that may be appealed to the courts of common pleas under R.C. 4123.519 are those that are final and that resolve an employee's right to participate or to continue to participate in the State Insurance Fund." *Felty v. AT & T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 238, 602 N.E.2d 1141, 1145, following *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175; *Zavatsky v. Stringer* (1978), 56 Ohio St.2d 386, 10 O.O.3d 503, 384 N.E.2d 693.

**7.** Furthermore, Coble has consented to the trial court's in personam jurisdiction by failing to raise the issue in response to appellant's complaint in the trial court.

**8.** See, *e.g., State ex rel. Stanadyne v. Indus. Comm.* (1984), 12 Ohio St.3d 199, 12 OBR 264, 466 N.E.2d 171; *Holly v. Indus. Comm.* (1943), 142 Ohio St. 79, 26 O.O. 261, 50 N.E.2d 152; *Spohn v. Indus. Comm.* (1941), 138 Ohio St. 42, 19 O.O. 511, 32 N.E.2d 554 (holding limited by *Holly* decision). Moreover, many of the cases cited by Coble are factually and legally distinguishable from the case before us.

of McBride's right to continuing participation in the fund, and not a decision as to his extent of disability. The common pleas court thus has subject matter jurisdiction to hear an appeal on that part of the decision, pursuant to R.C. 4123.519 and *Felty v. AT & T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 240, 602 N.E.2d 1141, 1146. See, also, *Davis v. Connor* (1983), 13 Ohio App.3d 174, 13 OBR 209, 468 N.E.2d 774.

We also find Coble's contention that McBride's participation in the Indiana workers' compensation system precludes his participation in Ohio's fund without merit. As stated above, R.C. 4123.54 specifically provides for such contingency by granting the employer the opportunity to "opt out" of the Ohio system and, further, by providing for a "credit" to an employer for the amounts paid under another state's compensation system. Thus, the possibility of a claimant's receiving compensation from more than one state was foreseen, and was specifically addressed by the Ohio legislature. See *Lynch v. Mayfield* (1990), 69 Ohio App.3d 229, 235, 590 N.E.2d 351, 354.

█ Consequently, the *only* issue for determination in this case is whether McBride's "acute somatic dysfunction of thoracic and lumbosacral spine secondary to misfitting prosthesis" following the amputation of his injured leg, and "post-traumatic stress disorder" were a "result of or a residual of" the injuries for which he was originally granted compensation, thus entitling him to benefits as ordered by the Industrial Commission. See R.C. 4123.84(B)(3). Although the conclusion of the commission seems unavoidably appropriate, the issue is, under the statute, one for consideration by a jury,[9] *or,* if after consideration of the facts reasonable minds could only conclude that those conditions *did* arise out of the injuries claimed in the claimant's original petition, the case could be disposed of by summary judgment in favor of appellant. In this action, the claimant, Phillip McBride, was wrongly deprived by the trial court of either opportunity.

Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court, and remand the case to that court for further proceedings.

*Judgment reversed*
*and cause remanded.*

SHAW and THOMAS F. BRYANT, JJ., concur.

---

9. R.C. 4123.519 provides that a claimant's right to participation or continuing participation in the Workers' Compensation Fund is to be adjudicated *de novo,* by a jury if either party requests it.