OPINION
{¶ 1} Appellant, Marvine Comsia, is the younger sister of Dessie Borland Appellant and Ms. Borland reside in Ohio. Susan Mefford is Ms. Borland's daughter. Ms. Mefford resides in West Virginia. Ms. Borland became ill and was in need of a guardian. Both appellant and Ms. Mefford filed applications for the appointment of guardianship. Family Services, Inc. also filed an application.
 {¶ 2} Hearings before a magistrate commenced on August 21, 2002. By decision filed October 23, 2002, the magistrate recommended the appointing of Family Services as Ms. Borland's guardian.
 {¶ 3} Both appellant and Ms. Mefford filed objections to the magistrate's decision. By judgment entry filed November 12, 2002, the trial court overruled the objections and approved and adopted the magistrate's decision.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The court erred in failing to grant appellant Marvine Comsia's `motion to dismiss application of Susan Mefford.'"
 II {¶ 6} "The trial court abused its discretion by failing to appoint appellant as guardian of her sister, an incompetent."
 I, II {¶ 7} Appellant claims the trial court erred in denying her application, failing to dismiss Ms. Mefford's application and designating Family Services as guardian. We disagree.
 {¶ 8} Probate courts have broad discretion in appointing guardians and those decisions regarding the appointment of guardians will not be reversed absent an abuse of discretion. In re Estate of Bednarczuk
(1992), 80 Ohio App.3d 548. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 9} The trial court approved and adopted the magistrate's specific findings of fact. After review of the record, we find all of these facts to be supported in the record. Of particular note is the final finding:
 {¶ 10} "In addition, Marvine and Susan have directly or indirectly benefitted (sic) from some of the transfers and they have participated in some of the transfers. Marvine and Susan have aligned themselves with some family members and against other family members. They do not have the necessary objectivity to review the transactions, pursue recovery and liquidate assets. In addition, an unbiased guardian is needed to select appropriate health care providers where all family members can have contact with Dessie, rather than predetermining that the ward must live in the guardian's residence as suggested by Marvine and Susan."
 {¶ 11} It is clear from a reading of the record that various family members have taken advantage of Ms. Borland, a seventy-eight year old woman who is confused, and at times manipulative. T. at 19, 58-59, 68. There have been various powers of attorney given to different family members who had Ms. Borland's "ear" at the time. T. at 106-110. As a result of the power of attorney, the particular family member benefited themselves or other family members. Also, the various holders of the power of attorney did not adequately protect Ms. Borland's interest as they failed to collect rent, pay bills and disclose the fate of Ms. Borland's goods. T. at 59, 128, 154.
 {¶ 12} It is clear the competing parties each had favorites among Ms. Borland's children. T. at 128. It is also evident from the record the parties were not amicable and had different agendas. T. at 80, 125, 128.
 {¶ 13} Given the tortured history of Ms. Borland's finances during the various powers of attorney, we find the trial court did not err in finding Ms. Borland's best interests would be provided for by Family Services, an independent guardian.
 {¶ 14} Although the trial court does not specifically address appellant's motion to dismiss Susan Mefford's application because she is a resident of West Virginia, we find in denying Ms. Mefford's application, the motion to dismiss was in fact granted.
 {¶ 15} Assignments of Error I and II are denied.
 {¶ 16} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Gwin, P.J. and Edwards, J. concur.