OPINION
{¶ 1} Appellant Helen Riva ("Mrs. Riva") appeals the July 5, 2006 Judgment Entry entered by the Richland County Court of Common Pleas, Probate Division, which denied her motion to dismiss for lack of personal jurisdiction over her. Appellee is Victor Riva ("son").
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 15, 2005, Mrs. Riva fell at her home in Charleroi, Pennsylvania. As a result of the fall, Mrs. Riva suffered a wrist fracture. Son repeatedly checked in by telephone on Mrs. Riva during the time after her fall, and noticed his mother was acting strangely. Lou DeMoss, Mrs. Riva's house guest, who was the boyfriend of Mrs. Riva's deceased daughter, spoke to son during one of the phone calls and related to son Mrs. Riva was acting confused. DeMoss advised son to come to Pennsylvania to see his mother. When son arrived, he found Mrs. Riva sitting alone in a chair, looking unkempt, and behaving as if she had had a stroke. Son immediately took Mrs. Riva to Mercy Hospital in Pittsburgh, Pennsylvania, where she underwent surgery for a subdural hematoma on July 3, 2005. Mrs. Riva was transferred by ambulance from Pennsylvania to Woodland Care Center in Richland County, Ohio, upon her release from Mercy Hospital on July 12, 2005.
 {¶ 3} Mrs. Riva was examined by Dr. Rashid Pervez when she arrived at Woodland. Dr. Pervez diagnosed Mrs. Riva with "Adjustment Disorder with Depressed Mood". Dr. Pervez opined Mrs. Riva could not properly care for herself without the aid of a guardian. Dr. Pervez re-examined Mrs. Riva on August 19, 2005, and came to the same diagnosis and opinion. Also August 19, 2005, son filed an Application for Appointment of Emergency Guardian of Alleged Incompetent in the Richland County Court of Common Pleas, Probate Division. Via Judgment Entry filed August 22, 2005, the probate court appointed son emergency guardian until September 6, 2005, and scheduled a hearing for that day. Prior to the September 6, 2005 hearing, son filed an Application for Appointment of Guardian of Alleged Incompetent on August 26, 2005. Following the hearing, the trial court appointed son as guardian, via Judgment Entry filed September 6, 2005.
 {¶ 4} Charles Lynch, attorney for Mrs. Riva, filed a Motion for Attorney Fees, Expert Witness Fees and Cost of Litigation. On January 12, 2006, the trial court met in chambers with counsel for the parties. After discussion, the parties came to an agreement regarding the issues before the trial court. Via Judgment Entry filed January 26, 2006, the trial court ordered an independent competency exam of Mrs. Riva. The court ordered the matter scheduled for further hearing upon Attorney Lynch's obtaining the report of the independent competency evaluation. Dr. Richard Naugle, Head of the Neuropsychology Department at Cleveland Clinic, evaluated Mrs. Riva on January 27, and 30, 2006. Dr. Naugle reported Mrs. Riva "showed evidence of significant memory deficit . . . was altogether unable to freely recall any details of verbal information shortly after their presentation . . . results are indicative of a significant clinical dementia." Dr. Naugle opined Mrs. Riva "requires close, ongoing supervision and support such as that available in an extended care facility, either here in Ohio or in closer proximity to her friends and acquaintances in Pennsylvania."
 {¶ 5} On February 24, 2006, Mrs. Riva filed a Motion for Authority to Relocate to the State of Pennsylvania. Mrs. Riva also filed a motion to terminate the guardianship due to the trial court's lack of in personam jurisdiction over her. Son filed a memorandum in support of the trial court's jurisdiction. The trial court conducted a hearing on all pending motions on March 9, and 10, 2006. Via Judgment Entry filed July 5, 2006, the trial court denied Mrs. Riva's motion to dismiss for want of jurisdiction; and granted in part, and denied in part her motion for authority to relocate to Pennsylvania. The trial court specifically found Mrs. Riva had a legal settlement in Richland County, Ohio, and she was a voluntary resident of Woodlawn Care Center for more than five weeks prior to the filing of the initial guardianship. The trial court further found it would be in Mrs. Riva's best interest to live in "a least restrictive environment such as an assisted living facility." The trial court left the choice of the facility to the sound discretion of son as guardian, taking into consideration the best interest of Mrs. Riva.
 {¶ 6} It is from this judgment entry Mrs. Riva appeals, raising the following assignments of error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN OVERRULING THE WARD'S MOTION TO DISMISS THE GUARDIANSHIP ACTION FOR THE REASON THAT IT LACKED PERSONAL JURISDICTION OVER HER.
 {¶ 8} "II. THE FAILURE OF THE TRIAL COURT TO DISMISS THE GUARDIANSHIP ACTION FOR WANT OF PERSONAL JURISDICTION VIOLATES THE DUE PROCESS RIGHTS OF THE WARD PURSUANT TO THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 {¶ 9} "III. THE PROBATE COURT ABUSED ITS DISCRETION IN NOT GRANTING THE MOTION OF THE WARD TO AUTHORIZE HER RELOCATION TO THE STATE OF PENNSYLVANIA."
 I, II {¶ 10} Because Mrs. Riva's first two assignments of error are interrelated, we shall address said assignments of error together. In her first assignment, Mrs. Riva contends the trial court erred in overruling her motion to dismiss the guardianship as the trial court lacked personal jurisdiction. In her second assignment of error, Mrs. Riva contends the trial court's failure to dismiss the guardianship action violated her due process rights.
 {¶ 11} Personal jurisdiction is the authority of a particular forum to enter judgment constitutionally binding on a particular defendant. McBride v. Coble Express, Inc. (1993),92 Ohio App.3d 505. Unlike subject matter jurisdiction, personal jurisdiction is an affirmative defense which may be waived. Civ. R.12 (H); In re Burton S. (1999), 136 Ohio App. 3d 386.
 {¶ 12} The trial court's September 6, 2005 Entry, appointing son as guardian for Mrs. Riva, was a final appealable order. Because Mrs. Riva did not appeal from that entry, she waived her right to assert the defense of lack of personal jurisdiction. Although the trial court makes a specific finding in its July 5, 2006 Decision and Judgment Entry, Mrs. Riva is a voluntary resident of the State of Ohio and has established a legal settlement here, the trial court's entertainment of the motion to dismiss for lack of personal jurisdiction at that late stage was purely gratuitous. Because no appeal was filed from the September 6, 2005 Entry, in which the trial court exercised personal jurisdiction over Mrs. Riva, that issue cannot be raised now. For this reason, Mrs. Riva's first and second assignments of error are overruled.
 III {¶ 13} In her third assignment of error, Mrs. Riva submits the trial court abused its discretion in not allowing her to relocate to Pennsylvania.
 {¶ 14} It is well settled the probate court has broad discretion in matters involving the appointment of guardian, however, the court must act in the best interest of an incompetent. In Re Guardianship of Schumacher (1987),38 Ohio App.3d 37. Further, the Ohio Supreme Court in In re Guardianshipof Rudy (1992), 65 Ohio St.3d 394, held, "A court of appeals may review findings of fact for an abuse of discretion by the trial court. But it cannot make a finding of fact that should have been made by the trial court, nor extract such a finding from the trial court's opinion where no finding was made." Id. at 396.
 {¶ 15} Dr. Pervez examined Mrs. Riva and diagnosed her with "Adjustment Disorder with Depressed Mood", and needed constant assistance. Dr. Naugle, likewise, determined Mrs. Riva needs close ongoing supervision. Mrs. Riva conceded she needs assistance in her daily life.
 {¶ 16} Based upon this evidence, though reasons exist which would have supported relocation to Pennsylvania; most notably, the ward's preference, we find the trial court did not abuse its discretion in denying Mrs. Riva's motion to relocate to Pennsylvania.
 {¶ 17} Mrs. Riva's third assignment of error is overruled.
 {¶ 18} The judgment of the Richland County Court of Common Pleas, Probate Division is affirmed.
Hoffman, J. Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas, Probate Division is affirmed. Costs assessed to the guardianship estate.