[Cite as *In re Guardianship of Vonallmen*, 2024-Ohio-331.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF THE | : | JUDGES: |
| GUARDIANSHIP OF | : | Hon. W. Scott Gwin, P.J. |
| MARLEN A. VONALLMEN | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| | : | |
| | : | |
| | : | Case No. 2023 AP 09 0049 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Tuscarawas County
                             Court of Common Pleas, Probate
                             Division, Case No. 2023-GD-17022

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            January 31, 2024

APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

BRAD L. HILLYER                            KAREN S. DUMMERMUTH
JEFFREY A. MERKLIN                         Karen S. Dummermuth LLC
BRETT H. HILLYER                           349 E. High Avenue, PO Box 494
Connolly, Hillyer & ONG, Inc.              New Philadelphia, Ohio 44663
201 N. Main Street, PO Box 272
Uhrichsville, Ohio 44683

*Baldwin, J.*

{¶1}   The appellant appeals the trial court's issuance of Letters of Guardianship immediately following an evidentiary hearing before the magistrate and prior to the magistrate's completion of a written decision that included findings of fact and conclusion of law.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}   On May 16, 2023, appellee Linda Miller filed an Application for Appointment of Guardian of Alleged Incompetent seeking guardianship of the person and estate of appellant Marlen VonAllmen, together with a Statement of Expert Evaluation completed by Dr. Alok Bhagat in which he diagnosed the appellant with dementia and Alzheimer's disease and opinioned that guardianship of the appellant be initiated. A Next of Kin form was also filed, and as a result a Notice of the Application was sent to the appellant's cousin, Shirley Miller, who hired counsel to represent the appellant in the guardianship proceedings.

{¶3}   The trial court scheduled a hearing on the Application. The Court Investigator met with the appellant in her home, and served her with Notice of the Application, Notice of the hearing date, and an explanation of her rights relative to the Application. The Court Investigator filed a Report with the trial court in which she noted that the appellant's "attitude to the concept of guardianship" was "consenting", noted that the appellant displayed "impairments [in] short term memory, poor insight into healthcare and caring for self," and noted "allegations or indications of abuse, neglect or exploitation" of the appellant as follows: "Marlen stated her distant cousin Shirley Miller thinks she has power over her. Marlen stated Shirley called the locksmith (Dean Wright) and pretended

to be her and had him change all the locks at her house. Cost her $600. Marlen stated Shirley's daughter is bossy and demanding. Shirley is Marlen's age." The Court Investigator recommended guardianship of the appellant's person and estate be established.

{¶4} A hearing on the Application proceeded on June 26, 2023, before the magistrate who, inter alia, granted the appellant's request for an independent expert evaluation and scheduled the matter for a full evidentiary hearing.

{¶5} The full evidentiary hearing on the Application for Guardianship proceeded on August 28, 2023, before the magistrate. Testimony was heard from Dr. Alok Bhagat, the neurologist who prepared the initial Statement of Expert Evaluation recommending guardianship be established; Mathew Armstrong, the appellant's family nurse practitioner; Stacy Robson, a registered nurse with home health care company Ember Complete Care who saw the appellant on two occasions after the filing of the Application; appellee Linda Miller, the appellant's power of attorney and applicant for appointment as appellant's guardian; and, Bobbi Styer, home health aide with Ember Complete Care who provided daily services to the appellant for four to six months prior to the hearing. In addition, the court received a copy of a second Statement of Expert Evaluation prepared by the independent expert, which the court had ordered at the request of appellant's counsel. The second Statement of Expert Evaluation was prepared by Dr. Maria Angela Galang, a Summa Health physician. Dr. Galang opined that the appellant was mentally impaired as a result of dementia, which was "probably moderate stage at least." The magistrate reviewed Dr. Galang's report on the record, noting the following: the doctor indicated the appellant displayed "significant short-term memory loss, patient does not know her

medical history, not capable of handling finances and property. POA already arranging it. Condition stabilized, yes, reversible, no. Recommended guardianship be established, okay. And then, on the back it has additional comments. Impairment noted on executive function, neural (inaudible) function, short-term memory loss, attention language, abstract, delayed recall, orientation, and insight." Finally, Dr. Galang opined that guardianship should be established.

{¶6} At the conclusion of the hearing the magistrate issued Letters of Guardianship signed by the trial court judge, the original of which is contained in the record, and indicated that she would be issuing a judgment entry following the hearing. Neither the appellant nor the appellee requested findings of fact and conclusion of law at that time, nor did they do so prior to the hearing.

{¶7} On August 31, 2023, the appellant filed a Motion to Have All Pleadings/Orders Filed on August 28, 2023 Stricken and Held for Naught, Request for Written Magistrate's Decision Including Findings of Fact and Conclusions of Law, and Request for Oral Hearing.

{¶8} On September 7, 2023 the magistrate issued a nine-page Judgment Entry in which she made detailed findings of fact and conclusions of law, reiterating the appointment of the appellee as the guardian of the appellant's person and estate. The September 7, 2023 Judgment Entry was served upon the parties, and contained a "Notice to Parties" section indicating that if a party disagrees with the magistrate's decision they must file objections within fourteen days.

{¶9} On September 18, 2023, the trial court scheduled an oral hearing on the appellant's August 31, 2023 Motion for November 6, 2023. On September 20, 2023, the

appellant filed a Notice of Appeal.[1] The appellant sets for the following sole assignment of error:

{¶10} "I. THE TRIAL COURT ERRED BY ISSUING LETTERS OF GUARDIANSHIP IMMEDIATELY UPON THE CONCLUSION OF A CONTESTED GUARDIANSHIP HEARING WHEN SAID HEARING WAS CONDUCTED BY THE COURT'S MAGISTRATE PURSUANT TO OHIO CIV. R. 53 AND NO WRITTEN MAGISTRATE'S DECISION WAS FIRST PREPARED, FILED, AND SERVED ON THE PARTIES."

## STANDARD OF REVIEW

{¶11} Article IV, Section 3(B)(2) of the Ohio Constitution provides that appellate courts can only review "judgments or final orders of the courts of record inferior to the court of appeals within the district." Thus, if a trial court's order is not final, an appellate court does not have jurisdiction to review the matter. *General Accident Insurance Co. v. Insurance Company of North America,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). Accordingly, we must first determine whether the Letters of Guardianship constitute a final appealable order.

{¶12} The court in *Art v. Erwin*, 194 Ohio App. 3d 421, 2011-Ohio-2371, 956 N.E.2d 879 (10th Dist.) addressed the issue of whether letters of guardianship constitute final appealable orders:

---

[1] On September 21, 2023, the appellant filed Objections to the Magistrate's Decision. The trial court cancelled the November 6, 2023 hearing on the appellant's August 31, 2023 Motion, and held the appellant's August 31, 2023 Motion and September 21, 2023 Objections in abeyance until the conclusion of this appeal.

. . . Letters of guardianship are no mere formality; without them "[n]o act or transaction by a fiduciary is valid." R.C. 2109.02. Although Sup.R. 51 prescribes a standard probate form for letters of guardianship, once that form is completed and signed by a probate judge, the result is an enforceable court order.

*Id.* at ¶ 27.

**{¶13}** The court in *In re Guardianship of Scobie*, 6th Dist. Lucas No. L-07-1126, 2007-Ohio-1900, stated further:

An order of a probate court appointing a guardian is a final appealable order. *In re Helen Riva Guardianship,* 5th Dist. No.2006-CA-0067, 2006-Ohio-5547, ¶ 12. Such an order is appealable pursuant to R.C. 2505.02(B)(2) as "an order that affects a substantial right made in a special proceeding." Guardianship proceedings are special proceedings. *In re Guardianship of Freeman,* 4th Dist. No. 02CA737, 2002-Ohio-6386, ¶ 12; *In re Guardianship of Hosey,* 2d Dist. No.2004 CA 33, 2005-Ohio-53, ¶ 25.

*Id.* at ¶ 4.

**{¶14}** This court addressed the standard of review to be applied when reviewing a probate court's appointment of a guardian in the case of *In re Myers*, 2017-Ohio-603, 85 N.E.3d 217 (5th Dist.) as follows:

A probate court's decision to appoint a guardian is generally within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *In re Guardianship of Borland,* 5th Dist. Stark No. 2002CA00410, 2003-Ohio-6870, 2003 WL 22969359, ¶ 8; *In re*

*Guardianship of Miller,* 187 Ohio App.3d 445, 2010-Ohio-2159, 932 N.E.2d 420 (3rd Dist.); *In re Guardianship of Waller,* 192 Ohio App.3d 663, 2011-Ohio-313, 950 N.E.2d 207 (1st Dist.), ¶ 16; *In re Guardianship of Anderson,* 2nd Dist. Montgomery No. 25367, 2013-Ohio-2012, 2013 WL 2150826, ¶ 15.

An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "A reviewing court will not reverse a judgment appointing a guardian as an abuse of discretion if it is supported by competent, credible evidence." *In re Guardianship of Waller,* 192 Ohio App.3d 663, 2011-Ohio-313, 950 N.E.2d 207, ¶ 16.

*Id.* at ¶¶ 45-46.

## ANALYSIS

**{¶15}** R.C. 2111.02(C) requires the trial court to conduct a hearing prior to the appointment of a guardian. R.C. 2111.02(C)(2) allows for said hearing to be conducted by a magistrate, in which case the procedures in Civ.R. 53 shall be followed. Civ.R. 53(D)(3) provides in pertinent part:

(a) Magistrate's Decision.

(i) When Required. Subject to the terms of the relevant reference, a magistrate shall prepare a magistrate's decision respecting any matter referred under Civ.R. 53(D)(1).

(ii) Findings of Fact and Conclusions of Law. Subject to the terms of the relevant reference, a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law. A request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within seven days after the filing of a magistrate's decision. If a request for findings of fact and conclusions of law is timely made, the magistrate may require any or all of the parties to submit proposed findings of fact and conclusions of law.

(iii) Form; Filing, and Service of Magistrate's Decision. A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed. A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

**{¶16}** Thus, the magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law; a request for findings of fact and conclusions of law must be made before the entry of a magistrate's decision or within seven days after the filing of a magistrate's decision.

**{¶17}** The issue of a general magistrate's decision was discussed by this Court in *Kess v. Kess,* 5th Dist. Delaware Nos. 17 CAF 05 0029, 15 CAF 10 0076, 2018-Ohio-1370:

Civ.R. 53 does not require a magistrate to issue a decision containing findings of fact and conclusions law in every case. Civ.R. 53(D)(3)(a)(ii) states, "Subject to the terms of the relevant reference, a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law." . . . As noted by this Court in *Hutta v. Hutta*, 5th Dist. Delaware No. 10CAF040031, 2011–Ohio–3041 at paragraph 15: "If a magistrate has not prepared findings of fact or has prepared findings of fact that are insufficient, the burden is on the party objecting to request findings of fact from the magistrate pursuant to Civ. R. 52 and Civ. R. 53(E)(2). *Rush v. Schlagetter* (April 15, 1997), Ross App. No. 96CA2215, unreported." *Digenova v. Digenova*, 5th Dist. Tuscarawas No. 2015 AP 07 0045, 2016–Ohio–1080, ¶ 25.

*Id.* at ¶24.

**{¶18}** In the case sub judice, the appellant did not initially request, either prior to the August 28, 2023 evidentiary hearing or at the conclusion of the hearing, that the magistrate prepare findings of fact and conclusions of law. The magistrate made a general decision at the conclusion of the evidentiary hearing to issue the Letters of Guardianship, which were signed by the trial judge. Further, the magistrate indicated at the conclusion of the evidentiary hearing that she would be issuing a judgment entry. On August 31, 2023, within seven days of the magistrate's August 28, 2023 general decision

to issue the Letters of Guardianship, the appellant requested that the magistrate issue a written decision including findings of fact and conclusions of law.  On September 7, 2023, the magistrate issued a Judgment Entry in which she made detailed findings of fact and conclusions of law supporting her decision to issue the Letters of Guardianship.

**{¶19}** We find that the trial court did not err when the magistrate rendered the general decision to issue Letters of Guardianship at the conclusion of the August 28, 2023, evidentiary hearing. The record confirms the evidence that was presented at the hearing, including but not limited to the Statements of Expert Evaluation of two medical experts recommending that guardianship be established. Based upon our review of the record, we cannot say that the magistrate abused her discretion when she found that the evidence was sufficiently clear and convincing to issue the Letters of Authority.

**{¶20}** The magistrate indicated at the conclusion of the August 28, 2023, hearing that she would be issuing a judgment entry. In addition, the appellant requested written findings of fact and conclusions of law within the applicable seven day time period. On September 7, 2023, the magistrate issued the Judgment Entry containing detailed findings of fact and conclusions of law. If the appellant disagrees with the magistrate's decision she may file, and in fact did file, objections, thus enabling the trial court to evaluate the magistrate's decision and ensure it is in compliance with Ohio law. Accordingly, we find the appellant's assignment of error to be without merit.

**CONCLUSION**

**{¶21}** Based upon the foregoing, the appellant's sole assignment of error is overruled, and the decision of the Tuscarawas County Court of Common Pleas, Probate Division is hereby affirmed.

By: Baldwin, J.

Gwin, P.J. and

King, J. concur.