[Cite as *In re Guardianship of Barrett*, 2025-Ohio-2660.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE: GUARDIANSHIP OF<br>NEHEMIAH PAUL BARRETT | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Kevin W. Popham, J.<br>Hon. David M. Gormley, J.<br><br>Case No. 25-COA-004<br><br>O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Ashland County Court of Common Pleas, Probate Division, Case No. 20232014 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | July 29, 2025 |
| APPEARANCES: | |

For Appellant-Mother of the Ward

SAMUEL ZIMMERMAN
Boyd Law Office, LTD.
18 N. Walnut Street
Mansfield, Ohio 44902

For Guardian of the Ward

DAVID M. HUNTER
244 W. Main Street
Loudonville, Ohio 44842

*Hoffman, P. J.*

{¶1}   Appellant Annie Kershner appeals the January 14, 2025 Judgment Entry entered by the Ashland County Court of Common Pleas, Probate Division, which appointed Attorney David M. Hunter as guardian of the person and estate of Nehemiah Paul Barrett ("the Ward"), an incompetent person, for an indefinite period of time.[1]

STATEMENT OF THE CASE AND FACTS

{¶2}   Appellant is the mother of the Ward (DOB 10/21/2005). On September 22, 2023, Appellant and her husband, Charles E. Kershner ("Kershner"), filed an Application for Appointment of Guardian of Alleged Incompetent, representing the Ward was incompetent by reason of mental impairment and requesting they be named guardians of the Ward's person for an indefinite period of time.  The probate court scheduled a hearing on the application for December 5, 2023.

{¶3}   During the course of the probate investigation and detailed in the report prepared for the probate court, the court investigator learned Kershner had been convicted of and sentenced for rape of a four-year old boy, and had falsified two (2) answers on the guardianship application.  Specifically, Kershner indicated he "has (not) been charged with or been convicted of a crime involving theft, physical violence, or sexual, or alcohol or substance abuse except as follows (if applicable, state date and place of each charge or each conviction)."   September 22, 2023 Application for Appointment of Guardian of Alleged Incompetent at p.2, unpaginated.  On November 21, 2023, Appellant and Kershner filed an amended application, correcting the misinformation regarding Kershner's conviction.

---

[1] Attorney Hunter did not file a brief in this appeal.

**{¶4}**  The probate court conducted the hearing on the application on December 5, 2023, as scheduled. Via Judgment Entry filed February 1, 2024, the probate court denied Appellant and Kershner's application, finding neither was suitable to be appointed guardian of the Ward and appointed Attorney David M. Hunter as guardian of the Ward's person. The probate court issued a Judgment Entry/Appointment of Guardian for Incompetent Person as well as Letters of Guardianship on February 5, 2024.

**{¶5}**  On January 8, 2025, Attorney Hunter filed a motion to modify guardianship, asking the probate court to modify the current guardianship of the Ward to include naming Attorney Hunter as guardian of the Ward's estate.  In his motion, Attorney Hunter explained he removed the Ward from the home of Appellant and Kershner amidst allegations against Kershner.  The Ward was placed in a group home and was doing well. Via Judgment Entry/ Appointment of Guardian for Incompetent Person as well as Letters of Guardianship filed January 14, 2025, the probate court appointed Attorney Hunter as guardian of the Ward's person and estate for an indefinite period of time.

**{¶6}**  On January 16, 2025, Appellant filed a Civ.R. 60 motion to vacate the judgment appointing Attorney Hunter as guardian of the Ward's person and estate. Appellant asserted the probate court erred in failing to conduct a hearing prior to appointing Attorney Hunter, which deprived Appellant of her right to due process.

**{¶7}**  It is from the January 14, 2025 Judgment Entry/Appointment of Guardian for Incompetent Person Appellant appeals, raising the following assignment of error:

THE TRIAL COURT'S DECISION TO ESTABLISH A GUARDIAN OF THE ESTATE WITHOUT NOTICE AND A HEARING VIOLATED THE WARD'S AND HIS MOTHER'S DUE PROCESS RIGHTS, SO IT MUST BE REVERSED AND THE CASE REMANDED FOR A HEARING.

*Standard of Review*

**{¶8}** A probate court's decision to appoint a guardian is generally within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *In re Guardianship of Borland*, 2003-Ohio-6870, ¶ 8 (5th Dist.). An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "A reviewing court will not reverse a judgment appointing a guardian as an abuse of discretion if it is supported by competent, credible evidence." *In re Guardianship of Waller*, 2011-Ohio-313, ¶ 16 (1st Dist.).

I

**{¶9}** The "probate court is the superior guardian of wards who are subject to its jurisdiction." R.C. 2111.50(A)(1). Pursuant to R.C. 2111.02, "if found necessary," the probate court "shall appoint * * * a guardian of the person, the estate, or both, of a minor or incompetent." R.C. 2111.02(A).

**{¶10}** "[C]ertain procedures must be followed to comply with the remaining statutory requirements [for the appointment of a guardian]." *In re Guardianship of Simmons,* 2003-Ohio-5416, ¶ 39 (6th Dist.). "Prior to the appointment of a guardian or limited guardian * * *, the court *shall* conduct a hearing on the matter of the appointment."

(Emphasis added.) R.C. 2111.02(C). In addition, "[e]xcept for an interim or emergency guardian * * *, no guardian of the person, the estate, or both shall be appointed until at least seven days after the probate court has caused written notice, setting forth the time and place of the hearing." R.C. 2111.04(A). Notice must be served upon "the person for whom appointment is sought * * * [and] the next of kin of the person for whom appointment is sought who are known to reside in this state." R.C. 2111.04(A)(2)(a)(i) and (b).

{¶11} The purpose of the hearing is to safeguard the rights of the ward. *In re Estate of Collins*, 2007-Ohio-631, ¶ 9 (8th Dist.). Further, "[c]ompliance with the notice provisions as set forth [in R.C. 2111.04(A)] assures that those affected by the proposed guardianship are given the opportunity to be heard and afforded their right to due process." (Citations omitted.) *Simmons*, 2003-Ohio-5416, at ¶ 48 (6th Dist.).

{¶12} On January 8, 2025, Attorney Hunter filed a motion to modify guardianship, asking the probate court to expand the guardianship from that of the Ward's person to that of the Ward's person and estate. Via Judgment Entry/Appointment of Guardian for Incompetent Person as well as Letters of Guardianship filed January 14, 2025, the probate court appointed Attorney Hunter as guardian of the Ward's person and estate for an indefinite period of time. The trial court did not conduct the requisite hearing nor did the trial court provide notice to the Ward or Appellant as the Ward's next of kin.

{¶13} Attorney Hunter was originally appointed guardian of the Ward's person. His duties, as set forth in R.C. 2111.13, were, as follows:

(1) To protect and control the person of the ward;

(2) To provide suitable maintenance for the ward when necessary, which shall be paid out of the estate of such ward upon the order of the guardian of the person;

* * *;

(4) To obey all the orders and judgments of the probate court touching the guardianship.

R.C. 2111.13(A).

{¶14} When the trial court modified Attorney Hunter's guardianship to include not only the Ward's person, but also the Ward's estate, Attorney Hunter's duties expanded to include the following duties, as set forth in R.C. 2111.14:

(1) To make and file within three months after the guardian's appointment a full inventory of the real and personal property of the ward * * *;

(2) To manage the estate for the best interest of the ward;

(3) To pay all just debts due from the ward out of the estate in the possession or under the control of the guardian, collect all debts due to the ward, compound doubtful debts, and appear for and defend, or cause to be defended, all suits against the ward;

(4) To obey all orders and judgments of the courts touching the guardianship;

(5) To bring suit for the ward when a suit is in the best interests of the ward;

(6) To settle and adjust, when necessary or desirable, the assets that the guardian may receive in kind from an executor or administrator to the greatest advantage of the ward. * * *

R.C. 2111.13(A).

{¶15} The roles of the guardian of the person and the guardian of the estate are distinct. See, *In the Matter of Sechler*, 1996 WL 745251 (10th Dist. Dec. 24, 1996). Because Attorney Hunter's motion sought a substantial change in the nature and duties of his guardianship, the probate court was required to provide notice to the Ward and Appellant as his next of kin. The probate court was also required to conduct a hearing on the motion to safeguard the rights of the Ward.

{¶16} Based upon the foregoing, Appellant's sole assignment of error is sustained.

**{¶17}** The judgment of the Ashland County Court of Common Pleas, Probate Division, is reversed and the matter remanded for further proceedings consistent with this Opinion and the law.


By: Hoffman, P.J.

Popham, J. and

Gormley, J. concur