[Cite as *In re Guardianship of Mapel*, 2025-Ohio-4344.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF STACIA D. MAPEL, AN INCOMPETENT | : : : : : : : : : : : | JUDGES: Hon. William B Hoffman, P.J. Hon. Andrew J. King, J. Hon. Robert G. Montgomery, J. Case Nos. 2025 AP 0002 2025 AP 0001 O P I N I O N |

CHARACTER OF PROCEEDING:                Appeal from the Court of Common
                                                                        Pleas, Probate Division, Case No.
                                                                        2024 GD 17073

JUDGMENT:                                              Affirmed

DATE OF JUDGMENT:                            September 15, 2025

APPEARANCES:

For Appellants                                            For Appellee

ROBERT M. BARGA                              MARK A. PERLAKY
LANE A. DAILEY                                    120 North Broadway Street
320 Main Street                                      New Philadelphia, OH  44663
Zanesville, OH  43701

KELSEY C. KOCHMAN
825 South Main Street
North Canton, OH  44720

*King, J.*

{¶ 1}   Appellants, Melissa Mapel and Stacia D. Mapel, appeal the December 4, 2024 judgment entry of the Court of Common Pleas of Tuscarawas County, Ohio, Probate Division, appointing appellee, Ohio Network for Innovation, as guardian of the person of Stacia D. Mapel.  We affirm the trial court.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant Melissa Mapel is the mother of the ward in this case, Stacia D. Mapel.  Stacia has a form of autism and other mental health issues and is developmentally delayed.   On April 9, 2024, appellant mother filed an application for appointment of guardianship of Stacia.  On April 18, 2024, appellee Ohio Network for Innovation also filed an application for appointment of guardianship of Stacia.  At the time of the filing of the applications, Stacia was twenty-five years old and had given birth to a child in December 2023; paternity was alleged, but not established.  The Tuscarawas County Board of Developmental Disabilities ("TCBDD") has been involved with Stacia since the age of three.

{¶ 3}   Hearings before a magistrate were held on June 6, and July 16, 2024.  By decision filed September 10, 2024, the magistrate appointed appellee as Stacia's guardian of her person only.  Appellants filed separate objections.  By judgment entry filed December 4, 2024, the trial court adopted the magistrate's decision with slight amendments.

{¶ 4}   Appellants filed an appeal with the following assignments of error:

I

{¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF FACT WHEN IT ADOPTED THE MAGISTRATE'S DECISION, FILED SEPTEMBER 10, 2024, AS AMENDED SLIGHTLY, ON DECEMBER 4, 2024, AS SAID MAGISTRATE'S DECISION WAS NOT IN ACCORDANCE WITH THE WEIGHT OF THE FACTS IN APPOINTING THE OHIO NETWORK OF INNOVATION AS GUARDIAN OVER MELISSA MAPEL."

II

{¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ADOPTED THE MAGISTRATE'S DECISION, FILED SEPTEMBER 10, 2024, AS AMENDED SLIGHTLY, ON DECEMBER 4, 2024, AS SAID MAGISTRATE'S DECISION WAS NOT IN ACCORDANCE WITH THE LAW AS IT ANALYZED THE BEST INTEREST OF A NON-PARTY AND NON-SUBJECT-PERSON AND USED THAT TO ANALYZE THE BEST INTEREST OF THE WARD."

III

{¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ADOPTED THE MAGISTRATE'S DECISION, FILED SEPTEMBER 10, 2024, AS AMENDED SLIGHTLY, ON DECEMBER 4, 2024, AS SAID MAGISTRATE'S DECISION WAS NOT IN ACCORDANCE WITH THE LAW AS IT IMPROPERLY LIMITED THE REPRODUCTIVE RIGHTS OF THE WARD AND OTHERWISE USED THE SAME FREEDOM TO REPRODUCE TO ANALYZE PROSPECTIVE GUARDIAN CANDIDATES."

## I, II, III

{¶ 8}   In their three assignments of error, appellants claim the trial court erred in appointing Ohio Network for Innovation as guardian over the person of Stacia instead of her mother.  We disagree.

{¶ 9}   The probate court "is the superior guardian of wards who are subject to its jurisdiction."  R.C. 2111.50(A)(1).  Under R.C. 2111.02, "if found necessary," the probate court "shall appoint * * * a guardian of the person, the estate, or both, of a minor or incompetent."  R.C. 2111.02(A).  The probate court is required to act in the best interest of the incompetent person.  *Matter of Guardianship of Baker*, 2024-Ohio-2350, ¶ 37 (4th Dist.), citing *In re Guardianship of Smith*, 2014-Ohio-2119, ¶ 18 (12th Dist.).  "'"Best interests" means the permanent welfare of the ward in his relation to society in view of all the circumstances.'"  *Id.*, quoting *In re Briggs,* 1997 WL 416331, *3 (9th Dist. July 9, 1997).

{¶ 10} A probate court's decision to appoint a guardian is generally within the sound discretion of the trial court and will not be reversed absent an abuse of discretion.  *In re Guardianship of Borland*, 2003-Ohio-6870, ¶ 8 (5th Dist.).  "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable.  *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87 (1985).  Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.  *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161 (1990).  An unreasonable decision is one backed by no sound reasoning process which would support that decision.  *Id.*  "It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found

that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 11} As explained by Judge Sean C. Gallagher in his concurring opinion in *In re Guardianship of Marks*, 2022-Ohio-2495, ¶ 67 (8th Dist.):

> According to the prevailing law in Ohio, "there is no statutory preference for who should be appointed the guardian of a person declared incompetent." *In re Estate of Collins*, 8th Dist. Cuyahoga No. 87978, 2007-Ohio-631, at ¶ 14. Although in practice, it is generally understood that courts look to "the next of kin or those with familial ties or someone acceptable to such persons on the theory that they will be the ones most concerned with the ward's welfare, [courts] have great discretion in this matter and are not required to do so." *Id.* Courts may appoint an independent person as guardian if it is in the best interest of the ward, and there is no statutory requirement to favor appointing a family member over an independent guardian. *Id.*, citing *In re Guardianship of Terzano*, 11th Dist. Lake No. 90-L-14-050, 1990 WL 199103, 1990 Ohio App. LEXIS 5398 (Dec. 7, 1990).

{¶ 12} In her September 10, 2024 decision, the magistrate made extensive findings and concluded in part:

Despite the fact that Melissa and George love and care for Stacia, evidence clearly shows that the Mapel household exhibits patterns of instability and harmful behaviors that affect their suitability to properly care for Stacia. There appears to be a lot of chaos and dysfunctionality in the Mapel home and these parents have a continuing pattern of indulging Stacia in all aspects of her life.

. . .

If Stacia is to blossom into a productive young adult, immediate intervention is required. Providing needed services and following through with them when the going gets tough is beyond the capabilities of this family. They do not have a goal of having Stacia be anything but totally dependent upon them.

This Court's decision to appoint Ohio Network for Innovation as Stacia's guardian instead of Melissa Mapel is supported by competent, credible evidence and is in Stacia's best interest.

{¶ 13} The trial court approved and adopted the magistrate's decision with minor amendments not relevant to this appeal. *See* Judgment Entry filed December 4, 2024.

{¶ 14} The magistrate heard from seven witnesses, including appellants and Stacia's service and support administrator from TCBDD, her mental health counselor, and her guardian ad litem. Without getting into specifics, the record thoroughly supports the appointment of appellee as Stacia's guardian instead of her mother. June 6, and July 16, 2024 T. at 7, 14-15, 40-43, 48-49, 53, 59, 60-62, 68, 78-79, 83-84, 92-93, 99, 124-127,

135, 138-139, 147, 152-153, 175, 190-192, 195-196, 203, 220-223, 226, 234-235, 251, 270, 273-274. Stacia's guardian ad litem recommended the appointment of an independent guardian of the person for Stacia, and any input from the parents to "any decision-making should be scrutinized and taken with a 'grain of salt.'" *See* Guardian ad Litem's Reports, Exhibits 1 and 1B. The guardian's impression was that Stacie's parents "have a 20-year history of not getting Stacia the help she needs." Exhibit 1B.

{¶ 15} It is undisputed that Stacia is incompetent and in need of a guardian. After reviewing the record, we cannot find the trial court abused its discretion in determining (1) Ohio Network for Innovation was a suitable and competent agency to serve as guardian of the person of Stacia, and (2) it was in Stacia's best interest to appoint Ohio Network for Innovation as the guardian of her person. The evidence in the record supports the trial court's conclusion that granting Ohio Network for Innovation's application for guardianship was in Stacia's best interest.

{¶ 16} We do not find anything in the magistrate's decision or trial court's judgment entry indicating a consideration of the best interest of Stacia's infant child in considering the best interest of Stacia to appoint a guardian. Because Stacia wants to care for her child, inquiry into her ability to care for the child was relevant. We also do not find anything in the rulings limiting Stacia's right to reproduce or using "the same freedom to reproduce to analyze prospective guardian candidates" as argued by appellants.

{¶ 17} Assignments of Error I, II, and III are denied.

{¶ 18} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Probate Division, is hereby affirmed.

By: King, J.

Hoffman, P.J. and

Montgomery, J. concur.